UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RAMPALTYAGI,

                      Petitioner

- against -

UNITED STATES OF AMERICA

                      Respondent.
------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3·19·2010
```
08 CV 10851 (RPP)
06 CR 198 (RPP)

**OPINION AND ORDER**

**ROBERT P. PATTERSON, JR., U.S.D.J.**

    On November 11, 2008, Petitioner Rampal Tyagi ("Peitioner") pro se submitted a Petition under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct a sentence by a Person in Federal Custody challenging his conviction and sentence of eighteen months imprisonment followed by two years of supervised release. The United States responded by letter dated March 4, 2009. Plaintiff's petition is denied for the reasons stated below.

**I. BACKGROUND**

    On June 13 2007, Petitioner pled guilty to two counts of a five-count indictment charging Petitioner and two co-defendants with credit card fraud and conspiracy to commit credit card fraud.[1] Specifically, superseding indictment S1 06 Cr. 198 dated November 3, 2006 charged Petitioner with obtaining funds in excess of $1,000 by making fraudulent transactions with unauthorized credit cards in violation of 18 U.S.C. 1029(a)(5) & 2, and conspiring to commit credit card fraud in violation of 18 U.S.C. 1029(b)(2) & (a)(5). In the Plea Agreement dated June 1, 2007, the Government and

---

[1] Petitioner was not charged in counts three through five of the indictment.

Defendant stipulated the applicable sentencing guidelines, with one exception. The parties disagreed about whether a 2-level reduction was warranted pursuant to U.S.S.G. § 3B1.2(b) based on Petitioner's role as a minor participant. (Plea Agreement at 2.) Therefore the plea agreement included two stipulated sentencing guidelines ranges: 18-24 months if the Court adopted Defendant's position as to his role in the offense and 24-30 months if the Court adopted the Government's position as to Defendant's role. (Id. at 3.) The Plea Agreement states:

> It is further agreed that: (i) if the Court determines that a two-level reduction for the defendant's role in the offense should apply, the defendant will not appeal, nor litigate under Title 28, United States Code, Section 2255 and/or Section 2241, any sentence within or below 18-24 months; (ii) if the Court determines that a two-level reduction for the defendant's role in the offense should not apply, the defendant will not appeal, nor litigate under Title 28, United States Code, Section 2255 and/or Section 2241, any sentence within or below 24-30 months;

(Id. at 4.) At the plea hearing held on June 13, 2007, Petitioner confirmed under oath that he had signed the Plea Agreement, that the Plea Agreement contained the terms of his plea agreement with the Government as he understood them and that the Plea Agreement had been read to him in Hindi. (Plea Tr. at 5-6.) Petitioner also testified under oath that he was fully satisfied with his lawyer, William Purpura, and the representation and legal advice Mr. Purpura had given him. (Plea Tr. at 5.) Petitioner further testified that his lawyer had advised him how the sentencing guidelines would apply to him. (Plea Tr. at 9.) Finally, Petitioner confirmed under oath that he understood he was agreeing not to litigate any sentence within or below 18 to 24 months of imprisonment. (Plea Tr. at 11.)

Prior to sentencing, the Government and defense submitted letters to the Court addressing whether Petitioner qualified for a minor participant reduction pursuant to U.S.S.G. § 3B1.2(b). At the sentencing hearing, held on December 7, 2007, the

Government was prepared to offer testimony demonstrating that Petitioner was not entitled to a minor role reduction. After reviewing the witness statements and proffer notes, and discussing them with Petitioner, Mr. Purpura conceded on the record that Petitioner did not meet the legal standard for a minor role reduction. (Sentencing Tr. at 3-4.) In response to the Court's questions as to the proper loss amount, Mr. Purpura confirmed that the amount reflected in the Plea Agreement was the appropriate amount and that a loss amount between $400,000 and $1 million would have been reasonably foreseeable. (Id. at 5; see also Plea Agreement at 2.)

## II. DISCUSSION

Petitioner raises three challenges to his sentence in his § 2255 motion. First, Petitioner argues that the Court erred in finding a loss amount exceeding $400,000. Second, Petitioner argues that he received ineffective assistance of counsel because his lawyer did not challenge the loss amount. Third, Petitioner argues that he received ineffective assistance of counsel based on counsel's failure to raise Petitioner's extraordinary family circumstances as a mitigating factor at sentencing. Each argument is without merit.

Petitioner argues that $400,000 in losses should not have been attributed to him, basing his argument largely on claims that he played a minor role in the offense relative to other participants. (See Memorandum of Points and Authorities in Support of Movant's Motion Pursuant to 28 U.S.C. § 2255 dated November 8, 2008 at 8-9, 11.) Petitioner's argument in this respect is based on a misunderstanding of the law. First, a minor participant offense level adjustment is a distinct issue from an adjustment based on the amount of loss. Petitioner's counsel withdrew his claim for a minor participant

adjustment at sentencing after review of the evidence the Government planned to present on the issue and after discussion with Petitioner. (Sentencing Tr. at 3-4.) In light of the Government's proffered evidence on this issue of a minor role adjustment, Petitioner's counsel did not act unreasonably by dropping the minor role claim and instead focusing on the sentencing factors outlined in 18 U.S.C. 3553(a). Second, Petitioner appears to argue that because he was not directly responsible for over $400,000 in losses, such an amount should not have been attributed to him for sentencing purposes. Contrary to Petitioner's argument, the proper loss amount attributable to Petitioner is the amount that was *reasonably foreseeable* to him -- a point made clear by the Court on multiple occasions. (See Sept. 24, 2007 hearing Tr. at 23-24; Sentencing Tr. at 4-5.) Further, the stipulated loss amount was explicitly agreed to in the Plea Agreement, which Petitioner confirmed under oath contained the terms of his plea agreement as he understood them. (Plea Tr. at 6.)

Because the Court did not err in attributing $400,000 in losses to Petitioner in his guidelines calculations, Petitioner's claim that he received ineffective assistance of counsel due to counsel's failure to challenge the loss amount is similarly without merit. Under Strickland v. Washington, 466 U.S. 668 (1984), Petitioner must show that his attorney's performance was deficient and he has failed to made such a showing based on his attorney's failure to object to the loss amount at sentencing.

Finally, Petitioner's ineffective assistance of counsel claim based on his attorney's failure to raise extraordinary family circumstances must be rejected. Under Strickland, in addition to showing that his attorney's performance was deficient, Petitioner must show that he suffered prejudice as a result. Under the explicit terms of

4

his plea agreement, Petitioner agreed not to appeal or collaterally litigate a sentence within the stipulated guideline range. If the Court decided Petitioner was not entitled to a minor role adjustment, that stipulated range would be 24-30 months imprisonment. At sentencing, the parties agreed, and the Court accepted that Petitioner was not entitled to the minor role adjustment. The Court proceeded to sentence Petitioner to 18 months imprisonment, a term *below* the stipulated range. Therefore, Petitioner cannot legitimately claim that he suffered prejudice in his sentencing by his attorney's failure to argue any particular mitigating factor. The Court is entitled to rely on Petitioner's acceptance of the terms of his plea agreement, under oath, on the record at his plea hearing and should not credit factual statements in a subsequent motion regarding his attorney's alleged ineffective assistance which directly contradict Petitioner's sworn statements at his plea. See United States v. Hernandez, 242 F.3d 110 (2d Cir. 2001).

## II. CONCLUSION

For the reasons discussed herein, Mr. Tyagi's Petition under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct his sentence is denied. The docketing clerk is respectfully requested to close civil case number 08cv10851 and close the open motion dated December 15, 2008 on the docket for criminal case number 06cr198.

IT IS SO ORDERED.

Dated: New York, New York
       March 19, 2010

_____
Robert P. Patterson, Jr.

U.S.D.J.

Copies of this order were sent to:

Rua M. Kelly
Assistant United States Attorney
One Saint Andrew's Plaza
New York, NY 10007
Fax: 212-637-0016
(by fax)

Rampal Tyagi, *Pro Se*
(by mail)